**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 2 8 2006   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
LEO J. MAURIZIO, JR.,

Plaintiff,

-against-

AUTOBAHN AUTOWORKS, INC., and
TIMOTHY GROSSMAN,

Defendants.
--------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Demand for Trial by Jury

CV-06 1425

SPATT J.
TOMLINSON, M.

PLAINTIFF, by his attorneys, **PARKER & WAICHMAN, LLP**, complaining of the

defendant(s), alleges, upon information and belief, as follows:

1.   At all times herein mentioned, plaintiff, **LEO J. MAURIZIO, JR.,** was
and still is a domiciliary of the State of Arizona.

2.   At all times herein mentioned, defendant, TIMOTHY GROSSMAN, was
and still is a domiciliary of State of New York.

3.   On February 5, 2004 and at all times herein mentioned, defendant
Autobahn Autoworks, Inc., was and still is a domestic corporation duly authorized and
existing under and by virtues of the laws of the State of New York.

5.   On February 5, 2004 and at all times herein mentioned, defendant
Autobahn Autoworks, Inc., was and still is a foreign corporation authorized to do business
within the State of New York.

6.   This action is based on diversity pursuant to Section 8, U.S.C. 1332.

7.   That the amount in controversy exceeds in the sum of $150,000.00
exclusive of costs and interest.

8.      That this action falls within one or more of the exceptions as set forth in CPLR §1602, §1602(1), §1602(2), §1602(3), §1602(4), §1603(5), §1603(6), §1603(7), §1603(8), §1603(9), §1603(10), §1603(11) and §1602(12) of the State of New York.

9.      At all times hereinafter mentioned, defendant, Autobahn Autoworks, Inc., was the owner of a motor vehicle bearing New York license plate number 204GOTW.

10.     At all times hereinafter mentioned, defendant, Autobahn Autoworks, Inc., was the lessee of a motor vehicle bearing New York license plate number 204GOTW.

11.     At all times hereinafter mentioned, defendant, Timothy Grossman, operated the aforementioned motor vehicle bearing New York State license plate number 204GOTW.

12.     At all times hereinafter mentioned, defendant, Timothy Grossman, operated the motor vehicle with the permission of defendant, Autobahn Autoworks, Inc..

13.     At all times hereinafter mentioned, defendant, Timothy Grossman, operated the aforementioned motor vehicle with the knowledge of the defendant, Autobahn Autoworks, Inc..

14.     At all times hereinafter mentioned, defendant, Timothy Grossman, operated the aforementioned motor vehicle with the consent of the defendant, Autobahn Autoworks, Inc..

15.     At all times hereinafter mentioned, defendant, Timothy Grossman, operated the aforementioned motor vehicle bearing New York State license plate number 204GOTW, within the course and scope of his employment with defendant Autobahn Autoworks, Inc..

2

16.     At all times hereinafter mentioned, defendant, Timothy Grossman, managed the motor vehicle bearing New York State license plate number 204GOTW.

17.     At all times hereinafter mentioned, defendant, Autobahn Autoworks, Inc., managed the aforesaid motor vehicle.

18.     At all times hereinafter mentioned, defendant, Timothy Grossman, maintained the aforesaid motor vehicle.

19.     At all times hereinafter mentioned, defendant, Autobahn Autoworks, Inc., maintained the aforesaid motor vehicle.

20.     At all times hereinafter mentioned, defendant, Timothy Grossman, controlled the aforesaid motor vehicle.

21.     At all times hereinafter mentioned, defendant, Autobahn Autoworks, Inc., controlled the aforesaid motor vehicle.

22.     At all times hereinafter mentioned, defendant, Timothy Grossman, repaired the aforesaid motor vehicle.

23.     At all times hereinafter mentioned, defendant, Autobahn Autoworks, Inc., repaired the aforesaid motor vehicle.

24.     At all times hereinafter mentioned, defendant, Timothy Grossman, inspected the aforesaid motor vehicle.

25.     At all times hereinafter mentioned, defendant, Autobahn Autoworks, Inc., inspected the aforesaid motor vehicle.

26.     At all times hereinafter mentioned, defendant, Timothy Grossman, supervised the aforesaid motor vehicle.

3

27.     At all times hereinafter mentioned, defendant, Autobahn Autoworks, Inc., supervised the aforesaid motor vehicle.

28.     At all times hereinafter mentioned, Leyden Street and Depot Road, County of Suffolk and State of New York, were public roadways and thoroughfares.

29.     At all times hereinafter mentioned, the plaintiff, Leo J. Maurizo Jr., was a pedestrian.

30.     That on February  5, 2004, the motor vehicle operated by defendant, Timothy Grossman, and another motor vehicle were in contact.

31.     That on February  5, 2004, the motor vehicle operated by defendant, Timothy Grossman, and another motor vehicle were in contact at the intersection of Leyden Street and Depot Road, County of Suffolk, State of New York.

32.     That on February 5, 2004, as a result of the contact between the motor vehicles operated by defendant, Timothy Grossman, the other motor vehicle and the plaintiff, Leo J. Maurizio, Jr., a pedestrian, were in contact.

33.     That on February 5, 2004, as a result of the contact between the motor vehicles operated by defendant, Timothy Grossman, the other motor vehicle and the plaintiff, Leo J. Maurizio, Jr., a pedestrian, were in contact at the intersection of Leyden Street and Depot Road, County of Suffolk, State of New York.

34.     That as a result of the aforesaid contact, plaintiff, Leo J. Maurizo Jr., was injured.

4

35.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence, carelessness, recklessness, wanton and gross negligence of the defendants, and without any fault or negligence on the part of the plaintiff contributing thereto.

36.     That the negligence of the defendants consisted of operating the aforesaid motor vehicle in a negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner.

37.     That by reason to the foregoing, plaintiff sustained severe, serious and permanent personal injuries, became sick, sore, lame and disabled; suffered injury to his nervous system; suffered mental anguish, was confined to bed and home and may, in the future, be so confined; was incapacitated from attending to his usual duties and vocation and may, in the future, be so incapacitated; sustained a loss of quality and/or enjoyment of life, and plaintiff was otherwise damaged.

38.     The plaintiff has sustained serious injury as defined in Subdivision (d) of §5102 of the Insurance Law-Recodification of the State of New York.

39.     The plaintiff has sustained serious injury and economic loss greater than basic economic loss so as to satisfy the exceptions of §5104 of the Insurance Law of the State of New York.

40.     The plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff.  Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

5

41.     That by reason of the foregoing, plaintiff, **LEO J. MAURIZO JR.** has

been damaged in an amount not to exceed the sum of TEN MILLION ($10,000,000.00)

DOLLARS.

**WHEREFORE,** plaintiff, Leo J. Maurizo Jr. demands judgment against the

defendants in an amount not to exceed the sum of TEN MILLION ($10,000,000.00)

DOLLARS, together with the costs and disbursements of this action.

Dated:  Great Neck, New York
        March 20, 2006

Yours, etc.

FRED R. ROSENTHAL
**Parker & Waichman, LLP**
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
111 Great Neck Road
Great Neck, New York  11021-5402
(516)466-6500
Our File # 512058

6

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NASSAU       )

       Fred R. Rosenthal, being duly sworn, deposes and says:

    That deponent is the attorney for the plaintiff(s) in the action within; that deponent has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reason that this verification is not made by plaintiff(s) and is made by deponent is that plaintiff(s) is/are not presently in the county where the attorneys for the plaintiff(s) have their office.

       Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff(s).

Fred R. Rosenthal